HURLEY *et al.*

*v.*

OAKLEY LAND & IMPROVEMENT CO. *et al.*

(*Supreme Court of Appeals of Virginia, Feb. 13, 1896.*)

[24 S. E. Rep. 237.]

Chancery Practice—Bill for Rescission of Contract—Directing Issue.

In a bill for the rescission of a contract of purchase of real property on the ground of fraud and misrepresentation the court will not direct the issue to a jury, where the evidence clearly determines it.

Appeal from circuit court, Lynchburg county.

Bill by J. J. Hurley and others against the Oakley Land & Improvement Company and others, to rescind a contract. From a decree in favor of defendants, plaintiffs appeal. Affirmed.

*W. White, L. L. Lewis,* and *G. W. Hansbrough,* for appellants.

*John H. Lewis* and *Kirkpatrick & Blackford,* for appellees.

HARRISON, J., delivered the opinion of the court.

In December, 1890, the appellants purchased certain lots of the appellee, the Oakley Land and Improvement Company, paid part of the purchase money in cash, received a deed, and secured the deferred purchase money by deed of trust on the property. The bill in this case was filed by the appellants, asking to have that contract of purchase rescinded, and all money paid by them on account of said purchase refunded, upon the

ground that they had been induced to buy the lots by the false representations of their vendor in regard to certain industrial enterprises being erected in the immediate vicinity of the lots they had bought.

It can serve no good purpose to review the mass of evidence before us. It is sufficient to say that, after a careful examination of the voluminous record of nearly 300 pages presented by appellants, we find that the evidence wholly fails to sustain the charge of fraud and misrepresentation made in the bill, or to furnish any sufficient ground for a rescission of the contract referred to.

This court has so recently and repeatedly decided cases involving questions similar to those presented here that it is deemed unnecessary to again repeat the well-settled law governing courts of equity, when called upon to rescind a contract upon the ground of fraud and misrepresentation. The case at bar is controlled by the cases of Improvement Co. v. Brady (Va.) 22 S. E. 845 ; Watkins v. Improvement Co., Id. 554, and Beckley v. Land Co. (decided at the November term of this court) 23 S. E. 778.

It is insisted by the appellants that there ought to have been an issue out of chancery in this case to be tried by a jury. The principles which govern the courts in directing issues are well understood. The object of an issue is generally to satisfy the conscience of the chancellor, when the evidence is so nearly balanced or so contradictory as to make it difficult to reach a conclusion upon it. This case presents no such difficulty, and was properly dealt with by the court itself. Crebs v. Jones, 79 Va. 381.

There is no error in the decree complained of, and it is affirmed.